UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        No. 21-mj-30198

-vs-

Apollon Nimo,

        Defendant.

_____/

**STIPULATION AND PROPOSED ORDER TO ADJOURN PRELIMINARY HEARING, EXTEND TIME TO RETURN AN INDICTMENT, AND FOR DETERMINATION OF EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned attorney, and defendant Apollon Nimo, by undersigned counsel, stipulate to an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the parties state as follows:

1. Defendant was arrested and made his initial appearance on the criminal complaint on April 30, 2021. Defendant subsequently was released on bond. The preliminary hearing currently is scheduled to take place on July 21, 2021. Undersigned counsel for defendant was retained on May 5, 2021, and entered his appearance on May 6, 2021.

2. The government and defendant have been engaged in preindictment negotiations since May 5, 2021, that might result in a resolution which will eliminate the need for this Court to conduct a preliminary hearing or for the government to seek an indictment and consume grand jury resources. In addition, a preindictment resolution will also eliminate the need for a trial.

3. A part of the negotiations involves defense counsel's assessment of the government's case against defendant. This assessment requires that defense counsel have the reasonable time necessary to review information provided by the government, confer with defendant and counsel for the government, and for counsel for the government to review and consider any information provided by the defendant. Government counsel requires additional time to provide information requested by defendant relevant to defendant's decision whether to resolve the case prior to indictment.

4. In light of the above, the parties submit that there is good cause to adjourn the preliminary hearing. Moreover, defendant has consented to this adjournment, and the adjournment sought is fairly limited. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

5.      In addition, in light of the above, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendant in a speedy indictment.  *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties to continue their preindictment negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of defendant.  A preindictment resolution also would result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the conservation of grand jury and prosecutorial resources by eliminating the need for defendant to be prosecuted by way of a grand jury indictment.  And it would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial.

6.	Accordingly, the parties request that this Court find there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearing be adjourned until September 20, 2021.  The parties also request that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment.  The parties request that this ends-of-justice continuance begin on the August 20, 2021 and continue through September 20, 2021 and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

| *s/ Mark Chasteen* | *s/ Patrick J. Hurford (with consent)* |
|---|---|
| Mark Chasteen | Patrick J. Hurford (P82903) |
| Assistant United States Attorney | Attorney for Apollon Nimo |
| 211 W. Fort Street, Suite 2001 | 400 Monroe St., Suite 620 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9555 | (313) 938-0693 |
| mark.chasteen@usdoj.gov | patrick@hurford.law |

Dated:  August 18, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        No. 21-mj-30198

-vs-

Apollon Nimo,

        Defendant.
_____/

## **ORDER**

This matter comes before the Court on the parties' Stipulation to Adjourn Preliminary Hearing, Extend Time to Return an Indictment, and for Determination of Excludable Delay under the Speedy Trial Act.

Based on the information and explanation set forth in the parties' stipulation, the Court finds:

1) The defendant retained counsel on May 5, 2021.

2) The government and defendant have been engaged in preindictment negotiations since May 5, 2021, that might result in a plea agreement or other resolution which will eliminate the need for this Court to conduct a preliminary hearing or for the government to seek an indictment and

consume grand jury resources. In addition, a preindictment resolution will also eliminate the need for a trial.

3) To assess the government's case and any plea offer requires that defense counsel have the reasonable time necessary to confer with defendant and counsel for the government and consider any information provided by the government, and for counsel for the government to review and consider any information provided by the defendant. Government counsel requires additional time to provide information requested by defendant relevant to defendant's decision whether to resolve the case prior to indictment.

4) A continuance would allow the parties to continue their preindictment negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of defendant.  A preindictment resolution also would result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the conservation of grand jury and prosecutorial resources by eliminating the need for defendant to be prosecuted by way of a grand jury indictment.  And it would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial.

Accordingly, there is good cause to adjourn the preliminary hearing in this case and orders that it be adjourned to September 20, 2021.  *See* Fed. R. Crim. P. 5.1(d).

In addition, for the reasons stated above, the Court finds, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment.  *See* 18 U.S.C. § 3161(h)(7).  Accordingly, the Court grants a continuance until September 20, 2021, and orders that the period from August 20, 2021 to September 20, 2021 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

s/ Patricia T. Morris  
Patricia T. Morris  
United States Magistrate Judge

Dated: August 18, 2021